UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 06-11550-RGS

THOMAS A. ATWATER

v.

COMMISSIONER OF EDUCATION OF THE COMMONWEALTH OF MASSACHUSETTS, AND MANCHESTER-ESSEX REGIONAL SCHOOL DISTRICT

MEMORANDUM AND ORDER ON CROSS SUMMARY JUDGMENT MOTIONS REGARDING PLAINTIFF'S ENGLAND RESERVATION

June 20, 2012

STEARNS, D.J.

Plaintiff Thomas A. Atwater, formerly a high school teacher with tenure, challenges an arbitrator's decision affirming his dismissal by defendant Manchester-Essex Regional School District for inappropriate sexual conduct towards a pupil. Atwater, having litigated and lost in state court, now seeks to resuscitate his claims in federal court. The parties cross-move for summary judgment on the res judicata effects of Atwater's state court litigation.

BACKGROUND

Atwater was dismissed in 2005. Pursuant to Mass. Gen. Laws ch. 71, § 42, Atwater invoked his right to arbitrate the dismissal. As required by the statute, the Commissioner of Education facilitated the selection of an arbitrator. A five-day

proceeding took place, resulting in a 99-page decision affirming the School District's dismissal of Atwater.

Atwater brought suit against the Commissioner and the School District in Essex Superior Court in August of 2006. His amended complaint listed six claims – three based in state law and three based in federal law.[1] Atwater noted in his complaint that the inclusion of the federal claims was only "for completeness," and that he reserved the right to have them adjudicated in federal court pursuant to *England v. Louisiana State Bd. of Med. Exam'rs*, 375 U.S. 411 (1964).

Four weeks after filing his state court complaint, Atwater filed the instant case in this court.[2] Citing the state court litigation already underway, the parties jointly sought to stay this case pending the state outcome. The court agreed and administratively closed the case. *See* Electronic Order of March 1, 2007.

The parties then litigated the state court claims to a final conclusion, culminating

---

[1] Atwater's state law claims alleged that the arbitrator applied an improper statutory standard (Count I) in excess of his (or her) statutory authority and with manifest disregard of the law (Count II), and with bias and misconduct (Count III). Atwater's federal law claims alleged ineffective administrative supervision in violation of procedural due process (Count IV), impermissible delegation of a governmental function (Count V), and impermissible insulation of a determination by a private individual from meaningful judicial review (Count VI).

[2] The federal complaint listed the same six claims, but similarly indicated that the state law claims were only included for completeness.

in a decision by the Supreme Judicial Court (SJC). *See Atwater v. Comm'r of Educ.*, 460 Mass. 844 (2011). Consistent with his amended complaint, Atwater only presented, and the state courts only adjudicated, his state law claims. *See id.* at 852 n.7 (noting that only the state law claims were before the Court). The SJC agreed with the Superior Court's order confirming the arbitrator's decision. The SJC also found no irregularities in the conduct of the arbitration proceedings. *See id.* at 857-861. The SJC further held that Mass. Gen. Laws ch. 71, § 42, requiring arbitral review of a teacher's dismissal, complied with the Massachusetts state constitution and did not violate the separation of powers. *Id.* at 853-857. After the conclusion of the state court litigation, Atwater moved to reopen this case in January of 2012.

## DISCUSSION

The only issue currently before the court is whether Atwater is barred by res judicata from proceeding with his federal claims in this court. Defendants contend that an absolute bar exists because the state court litigation, involving the same parties and the same dispute, reached a prior final judgment on the merits. *See DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001) ("Three elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.") (citation omitted). *See also Torromeo v. Town of Fremont*, 438 F.3d 113, 115-116 (1st Cir.

2006) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered."), citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Defendants further contend that although Atwater attempted to preserve his federal law claims under the "*England* reservation," *England* is inapplicable. In *England*, the Supreme Court held that when a litigant is "shunted from federal to state courts by application of the abstention doctrine," *England*, 375 U.S. at 418, "he may inform the state courts that he is exposing his federal claims there only for the purpose of complying with [*Gov't & Civic Emp. Org. Comm., CIO v.*] *Windsor*[, 353 U.S. 364 (1957)], and that he intends, should the state courts hold against him on the question of state law, to return to the District Court for disposition of his federal contentions." *Id.* at 421. The *England* reservation is of narrow application – "[t]he right to reserve claims [under *England*] only arises where a federal court abstains from deciding a federal issue [under *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941)] to enable the state court to address an antecedent state law issue." *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 67 (1st Cir. 2008). In contrast, Atwater was not "shunted" from federal court for *Pullman* abstention reasons, but chose of his own volition to seek relief in the first instance from the state courts.

Atwater, for his part, contends that this court's stay and administrative closure of the federal case at the parties' request was tantamount to *Pullman* abstention because he had suggested in the joint scheduling statement that the court stay the case based on *Pullman* abstention principles. There is nothing, however, in the record to suggest that the court adopted Atwater's reasoning. The court did not analyze Atwater's claims to determine if there were any difficult and potentially dominant state law issues that might complicate the resolution of the federal constitutional claims. Rather, the court assumed that, like many similarly situated plaintiffs, Atwater had chosen to proceed first in the local forum because he thought he had a greater likelihood of success there.[3]

Atwater next argues that the reservation of his federal law claims is effective because: (1) defendants waived any objections to his claim-splitting by agreeing to stay this case, *see Restatement (Second) of Judgments* § 26(1)(a); and/or (2) the SJC acknowledged his reservation. *See id.* §26(1)(b). However, defendants consistently voiced objection to the validity of Atwater's purported reservation in their answers to Atwater's state and federal complaints, in the joint statement to this court, and in their

---

[3] Atwater cites *Wicker v. Bd. of Educ. of Knott Cnty., Ky.*, 826 F.2d 442, 445-447 (6th Cir. 1987), for the proposition that his having filed the state court complaint before the federal complaint does not bar the application of *England*. However, *Wicker* does not vitiate the requirement that the federal court must abstain on *Pullman* grounds to perfect an *England* reservation, which this court did not do.

opposition to Atwater's motion to reopen this case. Moreover, it is disingenuous for Atwater to suggest that the SJC reserved his federal claims or validated his reservation. The High Court only noted that Atwater sought to do so, and therefore his federal claims were not before the state courts.

Finally, Atwater asserts that res judicata principles do not bar his federal law claims because: (1) an arbitration decision has no res judicata effects on subsequent § 1983 civil rights litigation, *see Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 308 n.21 (1986); and/or (2) a state court judgment does not foreclose subsequent § 1983 civil rights litigation in federal court unless the claims were actually presented to and decided by the state court. *See New Jersey Educ. Ass'n v. Burke*, 579 F.2d 764, 774 (3d Cir. 1978). The first argument is a non-starter as defendants do not rely on the preclusive effects of the arbitration decision, but that of the lengthy state court litigation that concluded in the highest court of the state. The second argument is not the law in the First Circuit, where res judicata bars any subsequent claims, including § 1983 claims, that *could have been* brought in an earlier-decided state litigation. *See Lovely v. Laliberte*, 498 F.2d 1261, 1263 (1st Cir. 1974) (barring federal civil rights suit when claims were not, but could have been brought in an earlier eviction proceeding). *See also Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103, 1108 (1st Cir. 1978) (recognizing that *Burke* diverges from

the law in this Circuit.)

## ORDER

For the foregoing reasons, defendants' motions for summary judgment are ALLOWED, and plaintiff's motion for partial summary judgment is DENIED. The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE